FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 13 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02432-BNB
(Removal from Colorado Supreme Court Case No. 2011-SA-200)

LEROY W. BAKER, #82907,

    Plaintiff,

v.

TOM CLEMENTS, Dir., D.O.C., and
KEVIN MILYARD, Warden, Ster. Corr. Fac.,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the letter filed *pro se* by Plaintiff, Leroy W. Baker, on October 6, 2011, asking the Court to reconsider the order which summarily remanded his case to the Colorado Supreme Court. The Court must construe Mr. Baker's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will construe the letter as a motion to reconsider, and will deny the motion.

In an order filed on September 20, 2011, the Court summarily remanded a state court civil case that Mr. Baker attempted to remove to this Court. Mr. Baker asks the Court to reconsider its September 20 Order for Summary Remand. The motion to reconsider will be denied for the reasons stated below.

An order remanding a removed case to state court ordinarily is not reviewable on appeal or otherwise unless the state case was removed pursuant to 28 U.S.C. § 1443. *See* 28 U.S.C. § 1447(d). Mr. Baker fails, both in the notice of removal and the motion to reconsider, to state grounds that justify the removal of his state court case to this Court. In addition, as the Court noted in the September 20 summary remand order, only defendants may remove an action from state court. *See* 28 U.S.C. § 1446(a). Therefore, § 1447(d) does not allow the Court to review its prior decision.

Reconsideration may be justified when there is an intervening change in the controlling law, the availability of new evidence, or a need to correct clear error or prevent manifest injustice. ***Shields v. Shetler***, 120 F.R.D. 123, 125-26 (D. Colo. 1988). Upon consideration of the entire file, the Court finds and concludes that Mr. Baker fails to present any new law or new evidence to support the motion to reconsider. He also fails to present any argument or authority which convinces the Court that the prior remand order is incorrect or will result in manifest injustice. Accordingly, it is

ORDERED that the letter filed ***pro se*** by Plaintiff, Leroy W. Baker, on October 6, 2011, which the Court has treated as a motion to reconsider, is denied.

DATED at Denver, Colorado, this __13th__ day of ___October___, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02432-BNB

Leroy W Baker
Prisoner No. 82907
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 13, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk